JOHN R. CAMPO, ESQ. [SBN 157137]
BRANSON, BRINKOP, GRIFFITH & CAMPO, LLP
643 Bair Island Road, Suite 400
Redwood City, CA 94063
Telephone: (650) 365-7710

Attorneys for: Defendant, OLD REPUBLIC
GENERAL INSURANCE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WEBCOR CONSTRUCTION, LP dba WEBCOR BUILDERS, a California limited partnership; ARCHITECTURAL GLASS AND ALUMINUM CO., INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; OLD REPUBLIC GENERAL INSURANCE CORPORATION, an Illinois corporation; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation; LIBERTY INSURANCE UNDERWRITERS INC., an Illinois corporation; and DOES 1-10 Inclusive,<br><br>Defendants. | Case No: 4:17-cv-02220-YGR<br><br>OLD REPUBLIC'S THIRD PARTY COMPLAINT AGAINST MOTORISTS MUTUAL INSURANCE COMPANY AND ACUITY MUTUAL INSURANCE COMPANY |

Old Republic General Insurance Corporation, (Old Republic) as its Third Party Complaint against Motorists Mutual Insurance Company and Acuity Mutual Insurance Company, Old Republic hereby alleges as follows:

1

1. Old Republic General Insurance Corporation ("Old Republic") is an Illinois corporation with its principal place of business in Chicago, Illinois, and who conducts business in California as an insurer.

2. Old Republic is informed and believes, and on that basis alleges that defendant Motorists Mutual Insurance Company ("Motorists") is an Ohio mutual insurance company with its principal place of business in Columbus, OH.

3. Old Republic is informed and believes, and on that basis alleges that defendant Acuity Mutual Insurance Company ("Acuity") is a Wisconsin mutual insurance company with its principal place of business in Sheboygan, WI.

4. Those parties identified here as Roes 11-25 are persons or entities, including primary and/or excess carriers of Webcor and/or AGA that were obligated to participate in the defense and/or settlement of the underlying CDC action, and each of said parties is obligated to reimburse Old Republic any amounts awarded by this Cross Claim.

5. Solely to provide context for this Counter Claim, Old Republic incorporates the allegations found in paragraphs 12 through 39 of the First Amended Complaint filed in this action, a copy of which First Amended Complaint is attached hereto as Ex. A.

6. Old Republic provided a defense to Webcor and AGA against the claims of CDC, that were being made in the underlying action.

7. Old Republic defended the underlying CDC action and settled the underlying CDC action under a reservation of rights to challenge coverage and obtain reimbursement of any amounts paid.

8. This court has supplemental jurisdiction of this action under 28 U.S.C. §1367(a)

### First Third Party Claim- Contribution Towards Cost of Defense
### (Motorists, Acuity)

9. Old Republic incorporates those allegations 1-8 set forth above, as if set forth herein in full.

10. Motorists issued a commercial general liability policy to its named insured AGA, identified as policy number 33.261515-90E (8-1-05 to 8-1-06) and possibly others.

11. Motorists issued one or more commercial general liability policies, including policy number 33.261515-90E (6-30-06 to 6-30-07) to its named insured, Midwest Curtain Wall ("MWC") and possibly others.

12. Acuity issued one or more commercial general liability policies, including policy numbers L64489 (6-30-07 to 6-30-08) and L64489-2 (6-30-08 to 6-30-09) to its named insured, MWC and possibly others.

13. AGA and Webcor qualified as additional insureds of the Motorists, Acuity and National Union polices issued to MWC identified in paragraphs 11-12 above.

14. AGA was a named insured of the Motorist policy identified in paragraph 10, above.

15. The defense of AGA and Webcor was tendered to Motorists and Acuity and each of those primary carriers denied any duty to defend AGA or Webcor.

16. Old Republic spent approximately $800,000 to provide for the defense of AGA in the underlying CDC action.

17. Old Republic spent approximately $950,000 to provide for the defense of Webcor in the underlying CDC action.

18. Motorists as a direct carrier of AGA, owed a duty to defend AGA that was equal to the duty of Old Republic, if any there was.

19. Motorists and Acuity as primary commercial general liability insurers who additionally insured AGA and Webcor, owed a duty to defend AGA and Webcor that was primary to the duty owed by Old Republic. At a bare minimum, it was an equally shared duty.

20. Old Republic has paid a disproportionately high amount of the cost of defense of AGA and Webcor in the underlying CDC action.

3

OLD REPUBLIC'S THIRD PARTY COMPLAINT AGAINST MOTORISTS MUTUAL INS CO AND ACUITY MUTUAL INS CO [CASE NO.: 4:17-cv-02220-YGR]

21. Old Republic is entitled to contribution from Motorists and Acuity for the cost of defense that was provided to AGA and Webcor in the underlying CDC action.

22. Old Republic is further entitled to receive contribution from Motorists and Acuity for any other amounts that Old Republic is deemed to owe on behalf of either Webcor or AGA as a cost of defense related to the underlying CDC action, whether set forth herein or subsequently awarded in this action.

23. To the extent that the court finds that any actual damage covered with regard to the underlying CDC action did not occur during an Old Republic policy, or is not covered by an Old Republic policy but is covered under one of the policies issued by Motorists or Acuity, Old Republic is entitled to recover all or a portion of what it paid to settle the underlying CDC action.

WHEREFORE, Old Republic prays for judgment as follows:

1. For contribution from the other primary carriers toward the cost of defense paid by Old Republic on behalf of Webcor;

2. For contribution from the other primary carriers toward the cost of defense paid by Old Republic on behalf of AGA;

3. For reimbursement of the amounts paid by, or that are awarded against Old Republic in this action, as a cost of defense owed by Old Republic on behalf of Webcor and/or AGA and which should be paid by others in either equity, contribution or subrogation, as the court deems proper;

4. For interest on all amounts awarded;

5. For such other and further relief as the court deems just and proper.

Dated: July 12, 2017

BRANSON, BRINKOP, GRIFFITH & CAMPO LLP

By: _____/ss/John R. Campo_____
JOHN R. CAMPO, ESQ.
Attorneys for OLD REPUBLIC GENERAL
INSURANCE CORPORATION

OLD REPUBLIC'S THIRD PARTY COMPLAINT AGAINST MOTORISTS MUTUAL INS CO AND ACUITY MUTUAL INS CO [CASE NO.: 4:17-cv-02220-YGR]